Chester W. WYMER et al., Plaintiffs,

v.

BISON LABORATORIES, INC., et al., Defendants.

Herbert MILBERT, Plaintiff,

v.

BISON LABORATORIES, INC., et al., Defendants.

Ralph L. TRITT, etc., Plaintiffs,

v.

BISON LABORATORIES, INC., et al., Defendants.

Civ. A. Nos. 16227, 16679, 16529.

United States District Court
W. D. Pennsylvania.
Sept. 24, 1958.

**4**

Suto, Power, Goldstein & Walsh, Pittsburgh, Pa., John D. Ray, Beaver, Pa., for plaintiffs.

Kim Darragh, of Meyer, Darragh, Buckler & McDonnell, Pittsburgh, Pa., for defendant.

Mercer & Buckley, Pittsburgh, Pa., for Baltimore & O. R. R.

GOURLEY, Chief Judge.

In these proceedings based on negligence, Defendant Bison Laboratories, Inc., a New York corporation, moves to dismiss the actions and/or to quash the return of the service of summons and the complaints on the legal thesis that the court has no jurisdiction over said corporate defendant.

In each of the actions the plaintiffs allege that prior to the accident of April 11, 1957 concerning which the complaints have given rise, defendant by conspiracy, fraud and deceit formed a Pennsylvania corporation known as Bison Laboratories of Pennsylvania in order to evade and limit its tort liability within this Commonwealth. That the New York named corporation assumed and held complete domination and control over the Pennsylvania corporation, and is, therefore, in law responsible for all of the acts and deeds of the Pennsylvania corporation.

■ Upon detailed evaluation of the numerous affidavits, depositions and exhibits, and most thorough arguments and briefs of counsel, it is my considered judgment that a factual question exists for the determination of the jury as to whether or not Bison Laboratories, Inc., a New York corporation, was responsible for the alleged tortious action of Bison Laboratories of Pennsylvania, a Pennsylvania corporation.

■ In resolving this factual question, the jury under proper instruction of the court must determine if the Pennsylvania corporation was subject to the control and domination of the New York corporation, and stood in the capacity of a passive tool in the hands of the New York corporation. McCarthy v. Ference, 358 Pa. 485, 499, 58 A.2d 49; Barium Steel Corp. v. Wiley, 379 Pa. 38, 47, 48, 108 A.2d 336.

An appropriate Order is entered.